# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR JUAN AYALA,<br><br>                    Petitioner,<br>vs.<br><br>ROBERT L. AYERS, JR., Acting Warden of the California State Prison at San Quentin,<br><br>                    Respondent. | CASE NO. 01cv1322-IEG(PCL)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION [Doc. No. 185] ON GROUP TWO CLAIMS |

On October 23, 2006, the Court issued an Order denying Petitioner's Motion for Summary Adjudication and/or an Evidentiary Hearing on the Group Two Claims, and granting Respondent's Motion to Dismiss the Group Two Claims. On November 6, 2006, Petitioner filed a Motion for Reconsideration. On November 15, 2006, Respondent filed an Opposition brief, and on November 27, 2006, Petitioner filed a Reply brief. Upon consideration, the Court **DENIES** Petitioner's Motion for Reconsideration.

## I. DISCUSSION

The Federal Rules of Civil Procedure provide for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other

1  reason justifying relief. See Fed.R.Civ.P. 60(b). Petitioner asserts that reconsideration under Rule
2  59(e) is appropriate "if the district court (1) is presented with newly discovered evidence, (2)
3  committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening
4  change in the controlling law." School Dist. 1J v. AC&S Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).
5  Finally, the Local Rules of this district provide for reconsideration upon a showing of "what new or
6  different facts and circumstances are claimed to exist which did not exist, or were not shown, upon
7  such prior application." CivLR 7.1(i)(1).

8  In the instant motion, Petitioner argues that the decision of the Court in granting Respondent's
9  motion to dismiss claim 5 was "clearly erroneous and manifestly unjust" by incorrectly narrowing the
10 issues raised by Petitioner. (Petitioner's Motion for Reconsideration at 2.) Petitioner claims that the
11 Court failed to consider prejudice "stemming from an inability to conduct a comparative analysis of
12 the challenged prospective juror's questionnaires and voir dire with the seated jurors questionnaires
13 and voir dire." (Id.) Petitioner also uses this motion to detail the prosecutor's reasons for striking the
14 seven minority jurors in question, and offers arguments as to why the prosecutor's reasons for the
15 peremptory challenges are unsupported by the record. (Id. at 10-14; Petitioner's Reply at 2-11.)
16 Petitioner asserts that "[r]econsideration is appropriate, because the Court's ruling indicates that it
17 focused on the loss of the *Batson* challenged jurors' questionnaires vis-à-vis non-*Batson* challenged,
18 non-seated jurors, to the virtual exclusion of non-*Batson* challenged, seated jurors." (Pet. Reply at 1.)

19 Respondent maintains that the Court's decision did not improperly narrow the issue raised by
20 Petitioner or overlook any part of Petitioner's claim. (Respondent's Opposition at 4.) Respondent
21 adds that "Petitioner had three briefs in which to attempt to show this Court that the record was
22 insufficient and that he suffered prejudice based on the loss of information available only through the
23 juror questionnaires. At no point did he ever attempt to point to the loss of any information even
24 potentially contained in the missing questionnaires." (Id.)

25 In claim 5 of his Third Amended Petition, Petitioner alleged that he suffered prejudice because
26 "[t]he loss of almost all of the juror questionnaires makes it impossible for Petitioner to present
27 evidence to a reviewing court that the prosecutor's proffered justifications were pretextual by
28 comparing the responses on the questionnaires of the challenged minority prospective jurors with the

responses to those same question by nonminority prospective jurors who were not the subject of peremptory challenges by the prosecution." (Petition at 24.) In the October 23, 2006 Order, the Court first held that the loss of the questionnaires of the challenged jurors did not prejudice his ability to engage in a comparison between empaneled jurors and those who were challenged by the prosecutor, as "Petitioner has access to those materials in the record, in the form of the voir dire transcript, the prosecution's stated reasons for challenging certain jurors, and the questionnaires of the empaneled jurors and alternates." (10/23/06 Order at 24-25.) Then, the Court went on to hold that the loss of the other questionnaires, those of the non-challenged and non-seated jurors, would not have formed the basis for any comparative analysis and could not have resulted in prejudice. (Id. at 25.) The Court dealt with the two groups of lost questionnaires separately, but did address them both.

The California Supreme Court held that the record on appeal was sufficient to consider and resolve the claim, and this Court affirmed that court's holding, stating:

> Here, the record on appeal provides a meaningful and effective presentation of Petitioner's claims, and appears sufficient to resolve the contentions presented in his federal habeas petition. The reporter's transcript of jury selection proceedings, available to Petitioner, is 6461 pages in 51 volumes and thoroughly recounts the voir dire. Objections to peremptory challenges, challenges for cause and motions regarding prospective jurors are all contained in the available record. The trial judge and counsel specifically questioned potential jurors regarding their responses in the questionnaires, thoroughly exploring their ability to serve as a juror in Petitioner's trial. ***In addition, the questionnaires of the seated jurors and alternates were preserved for review on appeal.*** The record in this case does allow a reviewing court to examine whether the prosecution exercised its peremptory challenges in an appropriate manner.

(10/23/06 Order at 25)(emphasis added.)

Petitioner relies on a recent Ninth Circuit decision in which that court reversed an earlier decision denying habeas relief, holding that while a prosecutorial peremptory challenge appeared to be sound on its face, once it was considered in comparison with "the background and responses of jurors who were seated, reveal[ed] the prosecutor's purposeful and plainly racial motives in excusing" the prospective juror in question. Kesser v. Cambra, 465 F.3d 351, 362 (9th Cir. 2006). However, the questionnaires of the seated jurors and alternates from Petitioner's trial were preserved, and the type of comparative juror analysis approved of in Kesser could have been performed here. Petitioner

1  could have compared the prosecutor's reasons for challenging certain minority jurors with the
2  questionnaires and responses of the seated jurors.

3  The Court fully considered Petitioner's claim, and concluded that the California Supreme
4  Court was not objectively unreasonable in rejecting the claim on appeal. This Court thoroughly
5  considered the conclusions of the state court concerning the sufficiency of the record in evaluating
6  Petitioner's claims, as well as whether Petitioner suffered prejudice due to the loss of the: 1)
7  challenged and 2) non-challenged and non-seated, jurors' questionnaires. Petitioner has failed to
8  demonstrate that the Court committed "clear error" or was "manifestly unjust" in denying his claim
9  for relief. Further, the Court notes that motions for reconsideration are not a substitute for appeal, nor
10 are they an opportunity for a party to make additional arguments and raise facts that they could have,
11 but failed to present earlier.

## II. CONCLUSION

13 The Court continues to find Petitioner's arguments and the record do not support his
14 motions for an evidentiary hearing or habeas relief. Petitioner's Motion for Reconsideration of
15 this Court's October 23, 2006 Order is **DENIED**.

16 **IT IS SO ORDERED.**

18 **DATED:  December 19, 2006**

19 **IRMA E. GONZALEZ, Chief Judge**
   **United States District Court**