# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR JUAN AYALA,<br><br>　　　　　　　　　　Petitioner,<br>vs.<br><br>ROBERT L. AYERS, JR., Warden of the California State Prison at San Quentin,<br><br>　　　　　　　　　　Respondent. | CASE NO. 01cv1322-IEG (PCL)<br><br>ORDER DENYING PETITIONER'S MOTION TO STAY HABEAS PROCEEDINGS [Doc. No. 252] |

On November 24, 2008, Petitioner filed a motion for a stay of his federal habeas proceedings to pursue Claim 26 of the federal petition in state court. On January 6, 2009, Respondent filed an Opposition. Petitioner did not file a Reply.

Petitioner's motion is appropriate for submission on the papers and without oral argument pursuant to Local Civil Rule 7.1(d), and the Court previously vacated the January 23, 2009 hearing. For the reasons discussed below, the Court DENIES Petitioner's motion for stay and abeyance of Claim 26.

### *PROCEDURAL HISTORY OF CLAIM 26*

Petitioner raised Claim 26 in state court as part of his first state habeas petition, asserting that state officials violated his rights under the Sixth, Eighth, and Fourteenth Amendments when it denied his right to consular notification and access under Article 36 of the Vienna Convention. The California Supreme Court denied the petition on May 14, 2001, ruling as follows:

> The petition for a writ of habeas corpus is denied on the merits. With respect to

> Claim I, petitioner fails to allege facts showing he falls within the protection of the Vienna Convention on Consular Relations and Optional Protocols on Disputes. In addition, he fails to show prejudice. (*Cf. Breard v. Greene* (1998) 523 U.S. 371, 377.)

(Doc. No. 36, Lodgment No. 25.)

On April 27, 2005, Petitioner again raised his Vienna Convention claim in his third state petition for writ of habeas corpus. On November 30, 2005, the California Supreme Court denied the petition, finding:

> The petition for writ of habeas corpus is denied without prejudice to the refiling of the petition after the United States Supreme Court has resolved related issues in two cases in which the high court has recently granted certiorari. (*See Sanchez-Llamas v. Oregon* (Ore. 2005) 108 P.3d 573, cert. granted Nov. 7, 2005, ___ U.S. ___ [74 U.S.L.Week 3287]; *Bustillo v. Johnson* (Va.Cir.Ct. 2004) 65 Va. Cir. 69, cert. granted Nov. 7, 2005, ___ U.S. ___ [74 U.S.L.Week 3287].) Kennard and Moreno, JJ., are of the opinion an order to show cause should be issued.

(Doc. No. 227, Lodgment No. 34.)

On December 28, 2007, Petitioner filed a fourth state habeas petition, raising only his claim under the Vienna Convention. On June 18, 2008, the California Supreme Court requested the parties brief the court on the impact of Medellin v. Texas, 128 S.Ct. 1346 (2008), on Petitioner's claim. Respondent and Petitioner submitted letter briefs on July 18, 2008 and July 21, 2008, respectively, and on August 1, 2008, Petitioner submitted an additional letter brief. This fourth state petition is currently pending before the California Supreme Court.

## ***STAY AND ABEYANCE***

In 2005, the Supreme Court concluded that a district court has discretion to stay a habeas corpus petition to allow a petitioner time to present unexhausted claims to the state court. The court may stay and hold a petition in abeyance when it finds that: (1) there was good cause for failure to exhaust the claim; (2) the claim is not plainly meritless; and (3) there is no indication that the failure to exhaust was for purposes of delay. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005). If the court finds petitioner's claims are not "plainly meritless," and also that petitioner is not using the procedure as "abusive litigation tactics or [for] intentional delay," and has "good cause" for the failure to have previously exhausted those claims, the Supreme Court held that "it likely would be an abuse of discretion for a district court to deny a stay." Id.

1    In his pending fourth state habeas petition, Petitioner contends that the California Supreme Court must reconsider his Vienna Convention claim pursuant to the International Court of Justice's decision in <u>Case Concerning Avena and other Mexican Nationals (Mexico v. United States)</u>, 2004 I.C.J. No. 128, and President Bush's February 28, 2005 Memorandum to the United States Attorney General.  Petitioner asserts that good cause exists for a stay of this Court's determination on Claim 26 of his petition, because "<u>Medellin</u> does not foreclose the possibility that a state court may provide review and reconsideration" of a petitioner's Vienna Convention claim.  (Petitioner's Motion for Stay at 5.)   Petitioner reiterates that there has been "no final determination by the state court" on this issue, and asserts that his interest in "obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions."  (<u>Id.</u> at 5-6.)

On March 7, 2003, the Court granted a stay and abeyance of the second amended federal petition pending the exhaustion of state remedies.  After exhausting his claims in state court, Petitioner filed his third amended petition with the Court on December 9, 2004.  On April 12, 2005, the Court accepted the parties' joint stipulation to hold claim 26 in abeyance pending the California Supreme Court's resolution of Petitioner's motion for reconsideration of that claim based on <u>Avena</u> and the President's Memorandum.  Thereafter, the Court issued a briefing schedule, with claim 26 set to be briefed on the merits with the Group Six claims, commencing on July 10, 2007.  On July 9, 2007, the Court granted Petitioner's motion for an additional extension of time to brief Claim 26, proceeding on the remainder of the Group Six claims as scheduled.  Thereafter, the Court granted several additional extensions of time, and Petitioner's Motion for Summary Adjudication on Claim 26 was filed on April 30, 2008.

Presently, Claim 26 is fully briefed in this Court and is ready for merits disposition.  The Court has issued two previous stays in this case, one solely concerning Claim 26.  The Court has also granted several extensions of time for merits briefing on Claim 26.  The Supreme Court has emphasized that the "stay and abey" procedure is only appropriate in limited circumstances.  A district court must remain mindful of AEDPA's objectives not only to prompt petitioners to "seek relief from state courts in the first instance" but also to "reduce delays in the execution of state

and federal criminal sentences, particularly in capital cases." Rhines, 544 U.S. at 276.  Although Petitioner argues the state court may grant him relief under Medellin, the Supreme Court in Medellin, held that "neither Avena nor the President's Memorandum constitutes directly enforceable federal law that preempts state limitations on the filing of successive habeas petitions," and neither decision required the states to provide review of the petitioner's Vienna Convention claims.  Medellin, 128 S.Ct. at 1353.

Accordingly, the Court finds Petitioner has failed to meet his burden of demonstrating that a stay is warranted under Rhines.  Petitioner's Motion for Stay and Abeyance is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  February 13, 2009**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**